1   David S. Richman, Esq. (Cal. Bar. No. 94325)
2   drichman@tocounsel.com
    Theodora Oringher PC
3   10880 Wilshire Boulevard, Suite 1700
    Los Angeles, CA 90024-4101
4   Telephone: (310) 557-2009
5   Facsimile: (310) 551-0283

6
    Attorneys for Defendants
7   Motherless, Inc. and Joshua Lange

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  VENTURA CONTENT, LTD., an          Case No. CV11-05912 SVW (FMOx)
    Anguilla corporation,
13                                      **DEFENDANTS' NOTICE OF**
            Plaintiff,                   **MOTION AND MOTION IN**
14                                      **LIMINE #1; MEMORANDUM OF**
        vs.                             **POINTS AND AUTHORITIES IN**
15                                      **SUPPORT THEREOF**
    MOTHERLESS, INC., a New York
16  corporation; JOSHUA "JOSH"         Date:   10/29/12
    LANGE, an individual; and V        Time:   3:00 p.m.
17                                      Ctrm.:  6
            Defendants.
18

19          PLEASE TAKE NOTICE that on October 29, 2012, at 3:00 p.m., before

20  Judge Stephen V. Wilson in Courtroom 6 of this Court, located at 312 North Spring

21  Street, 2nd Floor, Los Angeles, California 90012, Defendants Motherless, Inc.

22  ("Motherless") and Joshua Lange ("Lange"), (collectively "Defendants"), will move

23  this Court to order that Plaintiff Ventura Content, Ltd. ("Ventura"), not introduce

24  before the jury at the trial any exhibits, testimony and/or argument ("evidence")

25  concerning:

26          1.      Defendants' purported obligation to comply with 18 U.S.C. § 2257 ("§

27  2257") and their purported violation of this statute; and

28          2.      Defendants' purported unfair business practices under California

1   Business & Professions Code § 17200 ("§ 17200"), which is solely based on

2   Defendants' purported violation of § 2257.

### Grounds For Motion

4       This motion is made on the grounds that:

5       1.    Under Federal Rules of Evidence ("F.R.E.") 401 and 402, this evidence

6   is not relevant to any issues in this lawsuit and is not admissible:

7       (a)    Defendants' purported obligation to comply with § 2257, and

8   their purported violation of this statute, are contrary to law.  § 2257 itself, the

9   regulations implementing this statute (28 C.F.R. Part 75), and other authorities make

10  it clear that § 2257 does not apply to Motherless because it is not a "secondary

11  producer" of sexually explicit content.  Further, the same regulations also expressly

12  state that even if Motherless (a corporation) is a secondary producer under § 2257,

13  that label does not extend to Lange simply because he is associated with the

14  corporation.

15      (b)    This evidence is not probative of any element of Ventura's §

16  17200 claim.  This claim is <u>solely</u> based on Defendants' purported violation of §

17  2257.  Since all evidence regarding Defendants' purported obligation to comply

18  with § 2257, and their purported violation of this statute, is contrary to law and not

19  relevant, all evidence regarding Ventura's § 17200 claim is not relevant.

20      (c)    Similarly, Defendants' purported obligation to comply with

21  § 2257, and their purported violation of this statute, are not probative of any liability

22  or damages element of Ventura's copyright infringement claim concerning

23  Defendants' alleged infringement of the 19 films identified in the Complaint (the

24  "19 Films").

25      2.    Under F.R.E. 403, the probative value of this evidence, even if relevant,

26  is substantially outweighed by the danger of unfair prejudice, confusion of the

27  issues, misleading the jury, and by considerations of undue delay and waste of time.

28  Thus, this evidence should be excluded.  The only purpose of this evidence is to:

1        (a)    Unfairly make it appear that Defendants are criminals, having

2    violated a criminal statute (§ 2257) that does not even apply to them (Lange in

3    particular).

4        (b)    Improperly sway the jury that Defendants have infringed

5    Ventura's 19 Films because of Defendants' purported unsavory background and

6    character and purported propensity to engage in criminal conduct.

7        (c)    Unfairly and improperly punish Defendants (by holding them

8    liable) for copyright infringement for purported conduct that has nothing to do with

9    infringement.

10        In addition, as set forth in Defendants' accompanying motion for

11    separate trials on the copyright infringement and § 17200 claims, the bench trial on

12    the § 17200 (and § 2257) claim should be separated from the jury trial on the

13    copyright infringement claim.  Further, no matter what, the jury will not receive any

14    instructions on, and will not decide any issues on, the § 17200 (and § 2257) claim.

15    Allowing Ventura to introduce evidence regarding § 17200 and § 2257 will simply

16    confuse the jury.

17    **<u>Conference Of Counsel</u>**

18        This motion is made following the conference of counsel pursuant to L.R. 7-3

19    which took place on September 25, 2012.

20    **<u>Support For Motion</u>**

21        This motion is based on this notice, the attached memorandum of points and

22

23

24

25

26

27

28    / / /

1   authorities and the request for judicial notice contained therein, all papers on file in

2   this action, and all matters that may be raised at the hearing on this motion.

3

4   Dated:  October 1, 2012          THEODORA ORINGHER PC

5

6                                   By:  /s/ David S. Richman

7                                        David S. Richman
                                         Attorneys for Defendants Motherless, Inc. and
8                                        Joshua Lange

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #1*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

1.   INTRODUCTION: ................................................................................5

2.   ALL EVIDENCE REGARDING DEFENDANTS' PURPORTED OBLIGATION TO COMPLY WITH § 2257 AND THEIR PURPORTED VIOLATION OF THIS STATUTE IS CONTRARY TO LAW AND NOT RELEVANT: ........................................................7

    A.   § 2257 Requires "Producers" Of Sexually Explicit Conduct To Maintain Certain Records: ......................................................8

    B.   § 2257 Itself Defines That An Internet Access And Hosting Service Provider (i.e., Motherless) Is NOT A "Producer": .....................8

    C.   The Regulations Issued By The Attorney General To Carry Out § 2257 (28 C.F.R. Part 75) Also Define That An Internet Access And Hosting Service Provider (i.e., Motherless) Is NOT A "Producer": ......................................................10

    D.   Motherless Is Not A "Secondary Producer" For Purposes Of § 2257 And 28 C.F.R. Part 75: ...............................................12

    E.   Lange Is Not A "Secondary Producer" For Purposes Of § 2257 And 28 C.F.R. Part 75: ...............................................14

3.   ALL EVIDENCE REGARDING VENTURA'S § 17200 CLAIM IS NOT RELEVANT: ........................................................15

4.   ALL EVIDENCE REGARDING § 2257 IS NOT RELEVANT AS TO VENTURA'S COPYRIGHT INFRINGEMENT CLAIM: ...........................15

5.   THE PROBATIVE VALUE OF ALL EVIDENCE REGARDING § 2257, EVEN IF RELEVANT, IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, MISLEADING THE JURY, AND BY CONSIDERATIONS OF UNDUE DELAY AND WASTE OF TIME: ........16

6.   CONCLUSION: .................................................................................17

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

## CASES

5
*Firoozye v. Earthlink Network, Inc.*
135 F.Supp.2d 1115 (N.D. Cal. 2001) ...................................... 15

6

*Free Speech Coalition, Inc. et al., Plaintiffs, v. The Honorable Eric H.*
7
*Holder, Jr., Attorney General, Defendant,*
Civil Action No. 2:09-4607 ........................................................ 14

8

*In re Aimster Copyright Litigation,*
9
252 F.Supp.2d 634 (N.D. Ill. 2002), affirmed 334 F.3d 643 (7th Cir.
2003) .............................................................................................. 12

10

*Io Group, Inc. v. Veoh Networks, Inc.,*
11
586 F.Supp.2d 1132 (N.D. Cal. 2008) ............................ 6, 12, 16

12
*Kodadeck v. MTV Networks, Inc.*
152 F.3d 1209 (9th Cir. 1998) ................................................ 15

13

*Motown Record Corp. v. George A. Hormel & Co.*
14
657 F.Supp. 1236 (C.D. Cal. 1987) ........................................ 15

15
*Perfect 10, Inc. v. CCBill LLC,*
481 F.3d 751 (9th Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007) .......... 6

16

*Polar Bear Prods., Inc. v. Timex Corp.,*
17
384 F.3d 700 (9th Cir. 2004) .................................................. 16

18
*UMG Recordings, Inc. v. Shelter Capital Partners LLC,*
667 F.3d 1022 (9th Cir. 2011) ................................................ 13

19

*Viacom International, Inc. v. YouTube, Inc.,*
20
676 F.3d 19 (2nd Cir. 2012) .................................................... 12

21

22

## STATUTES

23
17 U.S.C. § 504(b) ................................................................... 15

24
17 U.S.C. § 504(c) ................................................................... 15

25
17 U.S.C. § 512 ......................................................................... 6

26
17 U.S.C. § 512(c)(1) .............................................................. 12

27
17 U.S.C. § 512(k)(1)(B) ........................................................ 12

28
18 U.S.C. § 2257(f)(4) ............................................................ 16

28 C.F.R. Part § 75.1(c)(2)..................................................................... 14

28 C.F.R. Part 75............................................................................... 7, 12

28 U.S.C. § 2257 ............................................................................. passim

28 U.S.C. § 2257(a).................................................................................. 8

28 U.S.C. § 2257(b)-(f)............................................................................ 8

28 U.S.C. § 2257(g) ............................................................................... 10

28 U.S.C. § 2257(h).................................................................................. 8

47 U.S.C. § 231(b)................................................................................... 9

California Business & Professions Code § 17200 ..................... 6, 15, 17

Federal Rule of Evidence 201 ................................................................ 14

Federal Rule of Evidence 401 .................................................................. 7

Federal Rule of Evidence 402 .................................................................. 7

Federal Rule of Evidence 403 ................................................................ 16

U.S. Copyright Act of 1976 ................................................................... 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION:

Plaintiff Ventura Content Ltd. ("Ventura") is the producer of sexually explicit films.  Between May 2006 and March 2010, Ventura produced and obtained copyright registrations for the 19 films identified in the Complaint (the "19 Films").

Since late 2008, Defendant Motherless, Inc. ("Motherless"), has owned and operated the Motherless.com website ("Website").  Motherless is a service provider of internet hosting services.  The Website stores sexually explicit and other images and clips ("files") selected, uploaded, and viewed by users.  Defendant Joshua Lange ("Lange") has always been the sole shareholder, officer and employee of Motherless.

Between December 2009 and July 2011, eight members of Motherless uploaded 33 clips (the "33 Clips").  Each clip was a partial copy of one of the 19 Films.

In July 2011, Ventura filed the Complaint against Motherless and Lange ("Defendants"), alleging claims for copyright infringement and violation of California Business & Professions Code § 17200.

On November 23, 2011, after Defendants' repeated requests, Ventura provided the URLs for the 33 Clips (so that Motherless could locate them among the 12,000,000+ active files on the Website), and Motherless deleted them from the Website that same day.  Ventura never sent a "DMCA take-down notice" to Defendants.

Defendants do not encourage or approve of copyright infringement.  Since starting in 2008, Defendants have not been sued for copyright infringement but for this lawsuit.

The first claim for copyright infringement alleges that Defendants are liable for direct and secondary copyright infringement for the unauthorized copying of Ventura's 19 Films.  Ventura seeks either actual damages suffered as a result of, and

1   Defendants' profits attributable to, the infringement, <u>or</u> statutory damages (which
2   must be elected in lieu of actual damages and attributable profits), and an injunction
3   restraining Defendants from infringing the 19 Films and impounding the 33 Clips.
4   This federal claim will be decided by a jury.  The key issue relating to this claim is
5   whether Defendants are protected by the § 512(c) safe harbor found in 17 U.S.C. §
6   512.  This safe harbor protects Defendants (even though liable) from all affirmative
7   claims for monetary relief (including damages, costs, and attorneys' fees), whether
8   based on direct or secondary copyright infringement; and limits Ventura's remedies
9   to limited injunctive relief.  *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 758 (9th
10  Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007); *Io Group, Inc. v. Veoh*
11  *Networks, Inc.*, 586 F.Supp.2d 1132, 1154 (N.D. Cal. 2008).

12      The second claim for violation of California Business & Professions Code §
13  17200 ("§ 17200") alleges that (1) 28 U.S.C. § 2257 ("§ 2257") requires that a
14  "secondary producer" of sexually explicit works maintain specified records on its
15  business premises for all performers portrayed in the works; (2) Defendants are
16  "secondary producers" of the sexually explicit files uploaded by users; and (3)
17  Defendants do not comply with § 2257, in violation of § 17200.  Ventura seeks an
18  injunction restraining Defendants from offering files not in compliance with § 2257
19  and requiring Defendants to delete all non-compliant files from their servers.

20      Defendants hereby move this Court to order that Ventura not introduce before
21  the jury at the trial any exhibits, testimony and/or argument ("evidence")
22  concerning:

23      1.    Defendants' purported obligation to comply with § 2257 and their
24  purported violation of this statute; and

25      2.    Defendants' purported unfair business practices under § 17200, which
26  claim is solely based on Defendants' purported violation of § 2257.

27
28  / / /

**2.** **ALL EVIDENCE REGARDING DEFENDANTS' PURPORTED OBLIGATION TO COMPLY WITH § 2257 AND THEIR PURPORTED VIOLATION OF THIS STATUTE IS CONTRARY TO LAW AND NOT RELEVANT:**

Federal Rule of Evidence 401 ("F.R.E.") provides that "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

F.R.E. 402 provides that "All relevant evidence is generally admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other statutory authority.  Evidence which is not relevant is not admissible."

Under F.R.E. 401 and 402, this evidence is not relevant to any issues in this lawsuit and is not admissible.  § 2257 itself, the regulations implementing this statute (28 C.F.R. Part 75), and other authorities make it clear that § 2257 does not apply to Motherless because Motherless is not a "secondary producer" of sexually explicit content.[1]  Further, the same regulations also expressly state that even if Motherless (a corporation) is a secondary producer under § 2257, that label does not extend to Lange simply because he is associated with the corporation.[2]

---

[1]  In fact, while Ventura has filed numerous lawsuits against other websites for copyright infringement both before and after this lawsuit, Ventura has never included a claim under § 2257.  It is a complete mystery as to why Ventura included this claim only in this lawsuit.

[2]  Ventura's claim that Defendants are secondary producers under § 2257 does not have any factual and legal basis.  This claim is an frivolous sideshow, akin to trying to convert a simple breach of contract case into one for fraud.  In fact, Motherless never could comply with this statute, and an injunction ordering that Motherless obtain the § 2257 records for the millions of sexually explicit files uploaded onto the Website by its over 700,000 members would literally put Motherless (and every other hosting website) out of business, which is apparently Ventura's goal in

**A.** **§ 2257 Requires "Producers" Of Sexually Explicit Conduct To Maintain Certain Records:**

§ 2257(a) provides as follows:

> "Whoever produces any book, magazine, periodical, film, videotape, digital image, digitally- or computer-manipulated image of an actual human being, picture, or other matter which -- (1) contains one or more visual depictions made after November 1, 1990 of actual sexually explicit conduct; and (2) is produced in whole or in part with materials which have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce; shall create and maintain individually identifiable records pertaining to every performer portrayed in such a visual depiction."

§ 2257(b)-(f) sets forth other requirements that apply "to any person to whom subsection (a) applies…"

**B.** **§ 2257 Itself Defines That An Internet Access And Hosting Service Provider (i.e., Motherless) Is NOT A "Producer":**

§ 2257(h) defines the terms as used in § 2257. ***Most importantly, § 2257(h)(2)(B) defines the term "produces" NOT to include internet access and hosting service providers.*** This section provides that the term "produces" does ***NOT*** include activities that are limited to:

> "(i) photo or film processing, including digitization of previously existing visual depictions, as part of a commercial enterprise, with no other commercial interest in the sexually explicit material, printing, and video duplication; (ii) distribution; (iii)

alleging this frivolous claim.

any activity, other than those activities identified in subparagraph (A), that does not involve the hiring, contracting for, managing, or otherwise arranging for the participation of the depicted performers; **(iv) the provision of a telecommunications service, or of an Internet access service or Internet information location tool (as those terms are defined in section 231 of the Communications Act of 1934 (47 U.S.C. 231)); or (v) the transmission, storage, retrieval, hosting, formatting, or translation (or any combination thereof) of a communication, without selection or alteration of the content of the communication**, except that deletion of a particular communication or material made by another person in a manner consistent with section 230(c) of the Communications Act of 1934 (47 U.S.C. 230 (c)) shall not constitute such selection or alteration of the content of the communication;" (Emphasis added.)[3]

47 U.S.C. § 231(b) [referenced immediately above] provides that:

"For purposes of subsection (a) of this section, a person shall not be considered to make any communication for commercial purposes to the extent that such person is (1) a

---

[3] § 2257(h)(2)(A) provides that the term "produces" means: "(i) actually filming, videotaping, photographing, creating a picture, digital image, or digitally- or computer-manipulated image of an actual human being; (ii) digitizing an image, of a visual depiction of sexually explicit conduct; or, assembling, manufacturing, publishing, duplicating, reproducing, or reissuing a book, magazine, periodical, film, videotape, digital image, or picture, or other matter intended for commercial distribution, that contains a visual depiction of sexually explicit conduct; or (iii) inserting on a computer site or service a digital image of, or otherwise managing the sexually explicit content of a computer site or service that contains a visual depiction of, sexually explicit conduct;"

telecommunications carrier engaged in the provision of a
telecommunications service; **(2) a person engaged in the**
**business of providing an Internet access service**; (3) a person
engaged in the business of providing an Internet information
location tool; or **(4) similarly engaged in the transmission,**
**storage, retrieval, hosting, formatting, or translation (or any**
**combination thereof) of a communication made by another**
**person**, without selection or alteration of the content of the
communication, except that such person's deletion of a particular
communication or material made by another person in a manner
consistent with subsection (c) of this section or section 230 of
this title shall not constitute such selection or alteration of the
content of the communication." (Emphasis added.)

C.      <u>The Regulations Issued By The Attorney General To Carry Out §</u>
        <u>2257 (28 C.F.R. Part 75) Also Define That An Internet Access And</u>
        <u>Hosting Service Provider (i.e., Motherless) Is NOT A "Producer":</u>

§ 2257(g) provides that "The Attorney General shall issue appropriate
regulations to carry out [§ 2257]." The Attorney General has issued these
regulations, which are contained in 28 C.F.R. Part 75.

§ 75.1(a) sets forth the purpose of these regulations:

"Terms used in this part shall have the meanings set forth in 18
U.S.C. 2257, and as provided in this section. The terms used and
defined in these regulations are intended to provide common-
language guidance and usage and are not meant to exclude
technologies or uses of these terms as otherwise employed in
practice or defined in other regulations or federal statutes ( *i.e.* ,
47 U.S.C. 230, 231)."

§ 75.1(c) then defines who is, and who is NOT, a "producer" under § 2257:

1        •     § 75.1(c) provides that "*Producer* means any person, including any

2 individual, corporation, or other organization, who is a primary producer or a

3 secondary producer."

4        •     § 75.1(c)(1) provides that "*Primary producer* is any person who

5 actually films, videotapes, photographs, or creates a digitally- or computer-

6 manipulated image, a digital image, or a picture of, or who digitizes an image of, a

7 visual depiction of an actual human being engaged in actual or simulated sexually

8 explicit conduct…"  The Complaint (¶ 33) alleges that Motherless is a secondary

9 producer rather than a primary producer.  So, Ventura is bound by this admission in

10 its pleading, and the sole issue is whether Motherless is a secondary producer.

11        •     § 75.1(c)(2) provides that "*Secondary producer* is any person who

12 produces, assembles, manufactures, publishes, duplicates, reproduces, or reissues a

13 book, magazine, periodical, film, videotape, or digitally- or computer-manipulated

14 image, picture, or other matter intended for commercial distribution that contains a

15 visual depiction of an actual human being engaged in actual or simulated sexually

16 explicit conduct, or who inserts on a computer site or service a digital image of, or

17 otherwise manages the sexually explicit content of a computer site or service that

18 contains a visual depiction of, an actual human being engaged in actual or simulated

19 sexually explicit conduct, including any person who enters into a contract,

20 agreement, or conspiracy to do any of the foregoing…"

21        •     ***Most importantly, and consistent with § 2257(h)(2)(B) above,***

22 ***§ 75.1(c)(2)(4) defines the term "producer" NOT to include internet access and***

23 ***hosting service providers.***  This section provides that "*Producer* does not include

24 persons whose activities relating to the visual depiction of actual or simulated

25 sexually explicit conduct are limited to the following: (i) Photo or film processing,

26 including digitization of previously existing visual depictions, as part of a

27 commercial enterprise, with no other commercial interest in the sexually explicit

28 material, printing, and video duplication; (ii) Distribution; (iii) Any activity, other

than those activities identified in paragraphs (c)(1) and (2) of this section, that does not involve the hiring, contracting for, managing, or otherwise arranging for the participation of the depicted performers; **(iv) The provision of a telecommunications service, or of an Internet access service or Internet information location tool (as those terms are defined in section 231 of the Communications Act of 1934 (47 U.S.C. 231)); (v) The transmission, storage, retrieval, hosting, formatting, or translation (or any combination thereof) of a communication, without selection or alteration of the content of the communication, except that deletion of a particular communication or material made by another person in a manner consistent with section 230(c) of the Communications Act of 1934 (47 U.S.C. 230(c)) shall not constitute such selection or alteration of the content of the communication;** or (vi) Unless the activity or activities are described in section 2257(h)(2)(A), the dissemination of a depiction without having created it or altered its content." (Emphasis added.)

**D.    Motherless Is Not A "Secondary Producer" For Purposes Of § 2257 And 28 C.F.R. Part 75:**

Defendants could not find any reported or published case that analyzed the issue of whether a service provider like Motherless is a secondary producer for purposes of § 2257 and 28 C.F.R. Part 75.  However:

- Under 17 U.S.C. § 512(c)(1), the § 512(c) safe harbor is only available when the defendant is a service provider. *Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19, 27 (2nd Cir. 2012).

- 17 U.S.C. § 512(k)(1)(B) defines a service provider for purposes of the § 512(c) safe harbor. *In re Aimster Copyright Litigation*, 252 F.Supp.2d 634, 657-658 (N.D. Ill. 2002), affirmed 334 F.3d 643 (7th Cir. 2003); *Io Group*, at 1143, n. 7.

- § 512(k)(1)(B) provides that "the term 'service provider' means a provider of online services or network access, or the operator of facilities therefor."

- Statutory interpretation begins with the language of the statute. *UMG*

1 | *Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1041 (9th Cir.
2 | 2011). When terms are not defined within a statute, they are accorded their plain
3 | and ordinary meaning, which can be deduced through reference sources such as
4 | general usage dictionaries. *Id.*, at 1041. Statutory language must always be read in
5 | its proper context, and in determining the meaning of the statute, the court must look
6 | not only to the particular statutory language, but to the design of the statute as a
7 | whole and to its object and policy. *Id.*, at 1041. The court must, if possible,
8 | interpret a statute such that all its language is given effect, and none of it is rendered
9 | superfluous. *Id.*, at 1041.

10 | • Here, the definitions within § 2257(h)(2) and § 75.1(c)(2) expressly
11 | ***define the terms "produces" and "producer" NOT to include internet access and***
12 | ***hosting service providers.*** Under these circumstances, it is irrefutable that
13 | Motherless is not a "secondary producer" for purposes of § 2257.

14 | • Moreover, even if the terms "produces" and "producer" was not
15 | defined in the statute, it is clear that these terms, when accorded their plain and
16 | ordinary meaning (which can be deduced through reference sources such as general
17 | usage dictionaries) lead to the conclusion that Motherless is not a "secondary
18 | producer" for purposes of § 2257. "Produce" is defined as "...3. to make or
19 | manufacture...." "Producer" is defined as "1. a person who produces...."
20 | Webster's New Work Dictionary of the American Language, College Edition.
21 | Motherless is not the person who makes or manufactures the files that are uploaded
22 | by members onto the Website.

23 | • Moreover, it is clear that a reading of the terms "produces" or
24 | "producer" in their proper context, and an interpretation of § 2257 such that all its
25 | language is given effect and none of it is rendered superfluous, also lead to the
26 | conclusion that Motherless is not a "secondary producer" for purposes of § 2257. If
27 | this Court was to hold to the contrary, that holding would ignore the express
28 | definitions of "produces" or "producer" as used in § 2257(h)(2) and § 75.1(c)(2) and

1   render those definitions both meaningless and unnecessary.

2   • Finally, it is instructive to note that in *Free Speech Coalition, Inc. et*

3   *al., Plaintiffs, v. The Honorable Eric H. Holder, Jr., Attorney General, Defendant*,

4   Civil Action No. 2:09-4607 in the United States District Court for the Eastern

5   District Of Pennsylvania, the U.S. Department of Justice -- in discussing the

6   application of § 2257 to primary and secondary producers in its memorandum of

7   points and authorities filed in support of its motion to dismiss the Complaint (filed

8   on December 14, 2009, as Document # 17) -- acknowledged as follows:

9   "Certain activities that may involve inadvertent 6 handling or

10   transmission of visual depictions of sexually explicit conduct –

11   such as film processing, transferring imagery from film to digital

12   format, or providing internet access, hosting, or search services –

13   are expressly excluded from the definition of "producer." 18

14   U.S.C. § 2257(h)(2)(B); 28 C.F.R. § 75.1(c)(4)."  (Brief, page 9,

15   n. 6.)[4]

16   **E.    Lange Is Not A "Secondary Producer" For Purposes Of § 2257**

17   **And 28 C.F.R. Part 75:**

18   For another reason, Lange in particular is not a secondary producer.

19   § 75.1(c)(2) provides that:

20   "*Secondary producer* is any person who produces….  When a

21   corporation or other organization is the secondary producer of

22   any particular image or picture, then no individual of that

23   corporation or other organization will be considered to be the

24   _____

[4] A true and correct copy of this brief is attached hereto as Exhibit "A."  Pursuant to
25   F.R.E 201, Defendants request that this Court take judicial notice of the fact that this
26   statement appears in this brief filed by the U.S. Department of Justice on December
14, 2009, as Document # 17 in *Free Speech Coalition, Inc. et al., Plaintiffs, v. The*
27   *Honorable Eric H. Holder, Jr., Attorney General, Defendant*, Civil Action No. 2:09-
28   4607 in the United States District Court for the Eastern District Of Pennsylvania.

1    secondary producer of that image or picture."

2    Motherless is a properly formed and maintained corporation under the laws of

3    New York.  Lange is the sole shareholder, officer and employee of Motherless.

4    Even if Motherless is a secondary producer, Lange's status as a shareholder, officer

5    and employee (whether as the only one or one of many) does not mean that he is a

6    secondary producer as well.

7    **3.    ALL EVIDENCE REGARDING VENTURA'S § 17200 CLAIM IS NOT**

8    **RELEVANT:**

9    Ventura's § 17200 claim is solely based on Defendants' purported violation

10   of § 2257.[5]   Since all evidence regarding Defendants' purported obligation to

11   comply with § 2257 and their purported violation of this statute is contrary to law

12   and not relevant, all evidence regarding Ventura's § 17200 claim is not relevant.

13   **4.    ALL EVIDENCE REGARDING § 2257 IS NOT RELEVANT AS TO**

14   **VENTURA'S COPYRIGHT INFRINGEMENT CLAIM:**

15   Defendants' purported obligation to comply with § 2257, and their purported

16   violation of this statute, are not probative of any liability or damages element of

17   Ventura's copyright infringement claim concerning Defendants' alleged

18   infringement of the 19 Films.  In particular, this evidence is not relevant to whether

19   Defendants have infringed the 19 Films; whether Defendants are entitled to the

20   protection of the § 512(c) safe harbor; and whether and to what extent Ventura is

21   entitled to an award of its actual damages suffered as a result of the infringement,

22   Defendants' profits attributable to the infringement, or statutory damages.  17

23   U.S.C. § 504(b)-(c); 9th Circuit Model Jury Instructions Nos. 17.23-25.

24

25   [5]  Ventura's § 17200 claim cannot be based on Ventura's allegation of copyright

26   infringement since such a claim is preempted by the U.S. Copyright Act of 1976.
     *Kodadeck v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998); *Firoozye v.*

27   *Earthlink Network, Inc.*, 135 F.Supp.2d 1115, 1125 (N.D. Cal. 2001); *Motown*

28   *Record Corp.*, 657 F.Supp. at 1239-1240.

1     Moreover, in *Io Group*, at 1148-1149, the court also rejected the plaintiff's

2   contention that "red flags" existed because the infringing clips did not contain the

3   labels required by § 2257(f)(4).  The court so held because even if Veoh was aware

4   of § 2257, the omission of the requisite labels (while perhaps raising an issue as to

5   whether Veoh was aware that federal labeling laws might have been violated) did

6   not raise any issue as to whether Veoh had the required level of knowledge or

7   awareness that the plaintiff's copyrights were being infringed.

8     Finally, Ventura's contention that Defendants' violation of § 2257 hurts

9   Ventura's reputation when its films are uploaded onto Motherless' Website is a red

10   herring.  If Ventura elects to recover an award of actual damages, those damages

11   "are usually determined by the loss in the fair market value of the copyright,

12   measured by the profits lost due to the infringement or by the value of the use of the

13   copyrighted work to the infringer."  *Polar Bear Prods., Inc. v. Timex Corp.*, 384

14   F.3d 700, 708-09 (9th Cir. 2004).  In either instance, injury to reputation is not an

15   element of the damages.

16   **5.     THE PROBATIVE VALUE OF ALL EVIDENCE REGARDING § 2257,**

17   **EVEN IF RELEVANT, IS SUBSTANTIALLY OUTWEIGHED BY**

18   **THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE**

19   **ISSUES, MISLEADING THE JURY, AND BY CONSIDERATIONS OF**

20   **UNDUE DELAY AND WASTE OF TIME:**

21     F.R.E. 403 provides that "Although relevant, evidence may be excluded if the

22   probative value is substantially outweighed by the danger of unfair prejudice,

23   confusion of the issues, or misleading the jury, or by considerations of undue delay,

24   waste of time, or needless presentation of cumulative evidence."

25     Under F.R.E. 403, the probative value of this evidence, even if relevant, is

26   substantially outweighed by the danger of unfair prejudice, confusion of the issues,

27   misleading the jury, and by considerations of undue delay and waste of time.  Thus,

28   this evidence should be excluded.  The only purpose of this evidence is to:

1    (a)    Unfairly make it appear that Defendants are criminals, having violated

2  a criminal statute (§ 2257) that does not even apply to them (Lange in particular);

3    (b)    Improperly sway the jury that Defendants have infringed Ventura's 19

4  Films because of Defendants' purported unsavory background and character and

5  purported propensity to engage in criminal conduct; and

6    (c)    Unfairly and improperly punish Defendants (by holding them liable)

7  for copyright infringement for purported conduct that has nothing to do with

8  infringement.

9    In addition, as set forth in Defendants' accompanying motion for separate

10  trials on the copyright infringement and § 17200 claims, the bench trial on the

11  § 17200 (and § 2257) claim should be separated from the jury trial on the copyright

12  infringement claim.  Further, no matter what, the jury will not receive any

13  instructions on, and will not decide any issues on, the § 17200 (and § 2257) claim.

14  Allowing Ventura to introduce evidence regarding § 17200 and § 2257 will simply

15  confuse the jury.

16  **6.    CONCLUSION:**

17    By reason of the foregoing, Defendants request that this Court order that

18  Ventura not introduce before the jury at the trial any evidence concerning:

19    1.    Defendants' purported obligation to comply with § 2257 and their

20  purported violation of this statute; and

21    2.    Defendants' purported unfair business practices under § 17200, which

22  claim is solely based on Defendants' purported violation of § 2257.

23

24

25

26

27

28  / / /

1

Dated:  October 1, 2012          THEODORA ORINGHER PC

2

3                                         By:  /s/ David S. Richman

4                                               David S. Richman
                                              Attorneys for Defendants Motherless, Inc. and
5                                               Joshua Lange

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>PROOF OF SERVICE</u>**

2       I certify that on the 1st day of October, 2012, I will electronically file the

3 foregoing with the Clerk of Court using the CM/ECF system, which will then send a

4 notification of such filing (NEF) to all counsel who have provided email addresses.

5

6                      Joan Warden

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28