David S. Richman, Esq. (Cal. Bar. No. 94325)
drichman@tocounsel.com
Theodora Oringher PC
10880 Wilshire Boulevard, Suite 1700
Los Angeles, CA 90024-4101
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Defendants
Motherless, Inc. and Joshua Lange

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA CONTENT, LTD., an Anguilla corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MOTHERLESS, INC., a New York corporation; JOSHUA "JOSH" LANGE, an individual; and V <br><br> Defendants. | Case No. CV11-05912 SVW (FMOx) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSH LANGE IN SUPPORT THEREOF** <br><br> Date:    10/29/12 <br> Time:   3:00 p.m. <br> Ctrm.:  6 |

PLEASE TAKE NOTICE that on October 29, 2012, at 3:00 p.m., before Judge Stephen V. Wilson in Courtroom 6 of this Court, located at 312 North Spring Street, 2nd Floor, Los Angeles, California 90012, Defendants Motherless, Inc. ("Motherless") and Joshua Lange ("Lange"), (collectively "Defendants"), will move this Court to order that Plaintiff Ventura Content, Ltd. ("Ventura"), not introduce before the jury at the trial any exhibits, testimony and/or argument ("evidence") concerning:

1.    Defendants' purported "illegal" conduct (other than copyright infringement), including, but not limited to, Defendants' display on Motherless' website of purported "obscene" materials, child pornography, rape, incest and/or

bestiality.

## Grounds For Motion

This motion is made on the grounds that:

1.      Under Federal Rules of Evidence ("F.R.E.") 401 and 402, this evidence is not relevant to any issues in this lawsuit and is not admissible:

(a)      Defendants have not been arrested, charged or indicted for violation of any criminal statute, including, but not limited to, any obscenity statute, any child pornography statute, and/or 18 U.S.C. § 2257.  Ventura's claims are not based on Defendant's purported violation of any statute other than the Copyright Act of 1976 and § 2257 (which is the sole basis of the California Business and Professions Code § 17200 claim) (i.e., Ventura is not claiming that Defendants violated some obscenity or child pornography statute such as California Penal Code § 311 et seq.).  Ventura has not requested an injunction other than to (1) restrain Defendants from infringing Ventura's films, and (b) require Defendants to maintain § 2257 records.

(b)      Defendants' purported "illegal" conduct (other than copyright infringement), including, but not limited to, Defendants' display on Motherless' website of purported "obscene" content, child pornography, rape, incest and/or bestiality, is not probative of any liability or damages element of Ventura's copyright infringement claim concerning Defendants' alleged infringement of the 19 films identified in the Complaint (the "19 Films").

(c)      Similarly, this evidence is not probative of any element of Ventura's § 17200 claim.  This claim is solely based on whether Defendants are obligated to comply with the record-keeping requirements of § 2257 and have failed to do so, seeks only injunctive relief, and will not be decided by the jury.

2.      Under F.R.E. 403, the probative value of this evidence, even if relevant, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay and waste of time.

*DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2*

1  Thus, this evidence should be excluded.  The only purpose of this evidence is to:

2            (a)     Unfairly make it appear that Defendants are criminals, the

3  subject of a pending criminal investigation, and soon to be convicted felons;

4            (b)     Improperly sway the jury that Defendants have infringed

5  Ventura's 19 Films because of their purported unsavory background and character;

6  and

7            (c)     Unfairly and improperly punish Defendants (by holding them

8  liable) for copyright infringement for purported conduct that has nothing to do with

9  infringement.

## Conference Of Counsel

11      This motion is made following the conference of counsel pursuant to L.R. 7-3

12  which took place on September 25, 2012.

## Support For Motion

14      This motion is based on this notice, the attached memorandum of points and

15  authorities and declaration of Josh Lange, all papers on file in this action, and all

16  matters that may be raised at the hearing on this motion.

17

18  Dated:  October 1, 2012       THEODORA ORINGHER PC

19

20                     By:  /s/ David S. Richman

21                         David S. Richman
                       Attorneys for Defendants Motherless, Inc. and

22                         Joshua Lange

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2                                                                                                              <u>Page</u>

3

4   1.   INTRODUCTION: ...................................................................................................4

5   2.   THIS EVIDENCE IS NOT RELEVANT TO ANY ISSUES IN THIS
        LAWSUIT: ...........................................................................................................6

6
    3.   THE PROBATIVE VALUE OF THIS EVIDENCE, EVEN IF
7        RELEVANT, IS SUBSTANTIALLY OUTWEIGHED BY THE
        DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE
8        ISSUES, MISLEADING THE JURY, AND BY CONSIDERATIONS
        OF UNDUE DELAY AND WASTE OF TIME: ...............................................9

9
    4.   CONCLUSION: ...................................................................................................10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

**TABLE OF AUTHORITIES**

2                                                                                    **Page**

3

4 | **CASES**

5 | *Io Group, Inc. v. Veoh Networks, Inc.,*
        586 F.Supp.2d 1132 (N.D. Cal. 2008) ........................................................ 5, 7

6

7 | *Perfect 10, Inc. v. CCBill LLC,*
        481 F.3d 751 (9th Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007) ...... 5, 7

8

9 | **STATUTES**

10 | 17 U.S.C. § 504(b) ........................................................................................ 7

11 | 17 U.S.C. § 504(c) ........................................................................................ 7

12 | 17 U.S.C. § 512 ............................................................................................ 5

13 | 18 U.S.C. § 2257(f)(4) ................................................................................. 7

14 | 28 U.S.C. § 2257 .................................................................................. 5, 6, 9

15 | California Business & Professions Code § 17200 ..................................... 5, 9

16 | California Penal Code § 311 et seq. ............................................................. 6

17 | Copyright Act of 1976 ................................................................................. 6

18 | Federal Rules of Evidence 401 .................................................................... 6

19 | Federal Rules of Evidence 402 .................................................................... 6

20 | Federal Rules of Evidence 403 .................................................................... 9

21

22

23

24

25

26

27

28

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION:

Plaintiff Ventura Content Ltd. ("Ventura") is the producer of sexually explicit films.  Between May 2006 and March 2010, Ventura produced and obtained copyright registrations for the 19 films identified in the Complaint (the "19 Films").

Since late 2008, Defendant Motherless, Inc. ("Motherless"), has owned and operated the Motherless.com website ("Website").  Motherless is a service provider of internet hosting services.  The Website stores sexually explicit and other images and clips ("files") selected, uploaded, and viewed by users.  Defendant Joshua Lange ("Lange") has always been the sole shareholder, officer and employee of Motherless.

Between December 2009 and July 2011, eight members of Motherless uploaded 33 clips (the "33 Clips").  Each clip was a partial copy of one of the 19 Films.

In July 2011, Ventura filed the Complaint against Motherless and Lange ("Defendants"), alleging claims for copyright infringement and violation of California Business & Professions Code § 17200.

On November 23, 2011, after Defendants' repeated requests, Ventura provided the URLs for the 33 Clips (so that Motherless could locate them among the 12,000,000+ active files on the Website), and Motherless deleted them from the Website that same day.  Ventura never sent a "DMCA take-down notice" to Defendants.

Defendants do not encourage or approve of copyright infringement.  Since starting in 2008, Defendants have not been sued for copyright infringement but for this lawsuit.

The first claim for copyright infringement alleges that Defendants are liable for direct and secondary copyright infringement for the unauthorized copying of Ventura's 19 Films.  Ventura seeks either actual damages suffered as a result of, and

1    Defendants' profits attributable to, the infringement, <u>or</u> statutory damages (which

2    must be elected in lieu of actual damages and attributable profits), and an injunction

3    restraining Defendants from infringing the 19 Films and impounding the 33 Clips.

4    This federal claim will be decided by a jury.  The key issue relating to this claim is

5    whether Defendants are protected by the § 512(c) safe harbor found in 17 U.S.C. §

6    512.  This safe harbor protects Defendants (even though liable) from all affirmative

7    claims for monetary relief (including damages, costs, and attorneys' fees), whether

8    based on direct or secondary copyright infringement; and limits Ventura's remedies

9    to limited injunctive relief.  *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 758 (9th

10   Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007); *Io Group, Inc. v. Veoh*

11   *Networks, Inc.*, 586 F.Supp.2d 1132, 1154 (N.D. Cal. 2008).

12        The second claim for violation of California Business & Professions Code §

13   17200 ("§ 17200") alleges that (1) 28 U.S.C. § 2257 ("§ 2257") requires that a

14   "secondary producer" of sexually explicit works maintain specified records on its

15   business premises for all performers portrayed in the works; (2) Defendants are

16   "secondary producers" of the sexually explicit files uploaded by users; and (3)

17   Defendants do not comply with § 2257, in violation of § 17200.  Ventura seeks an

18   injunction restraining Defendants from offering files not in compliance with § 2257

19   and requiring Defendants to delete all non-compliant files from their servers.

20        Defendants hereby move this Court to order that Ventura not introduce at the

21   trial before the jury any exhibits, testimony and/or argument ("evidence")

22   concerning:

23        1.    Defendants' purported "illegal" conduct (other than copyright

24   infringement), including, but not limited to, Defendants' display on Motherless'

25   Website of purported "obscene" materials, child pornography, rape, incest and/or

26   bestiality.

27

28   / / /

*DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2*

1  **2.**      <u>THIS EVIDENCE IS NOT RELEVANT TO ANY ISSUES IN THIS</u>
2               <u>LAWSUIT:</u>

3      Federal Rules of Evidence ("F.R.E.") 401 provides that "'Relevant evidence'

4 means evidence having any tendency to make the existence of any fact that is of

5 consequence to the determination of the action more probable or less probable than

6 it would be without the evidence."

7      F.R.E. 402 provides that "All relevant evidence is generally admissible,

8 except as otherwise provided by the Constitution of the United States, by Act of

9 Congress, by these rules, or by other statutory authority. Evidence which is not

10 relevant is not admissible."

11      Under F.R.E. 401 and 402, this evidence is not relevant to any issues in this

12 lawsuit and is not admissible:

13      (a)     Defendants have not been arrested, charged or indicted for violation of

14 any criminal statute, including, but not limited to, any obscenity statute, any child

15 pornography statute, and/or § 2257. Ventura's claims are not based on Defendant's

16 purported violation of any statute other than the Copyright Act of 1976 and § 2257

17 (which is the sole basis of the California Business and Professions Code § 17200

18 claim) (i.e., Ventura is not claiming that Defendants violated some obscenity or

19 child pornography statute such as California Penal Code § 311 et seq.). Ventura has

20 not requested an injunction other than to (1) restrain Defendants from infringing

21 Ventura's films, and (b) require Defendants to maintain § 2257 records.

22      (b)     Defendants' purported "illegal" conduct (other than copyright

23 infringement), including, but not limited to, Defendants' display on Motherless'

24 Website of purported "obscene" content, child pornography, rape, incest and/or

25 bestiality, is not probative of any liability or damages element of Ventura's

26 copyright infringement claim concerning Defendants' alleged infringement of the 19

27 Films. In particular, this evidence is not relevant to whether Defendants have

28 infringed the 19 Films; whether Defendants are entitled to the protection of the §

512(c) safe harbor; and whether and to what extent Ventura is entitled to an award of its actual damages suffered as a result of the infringement, Defendants' profits attributable to the infringement, or statutory damages.  17 U.S.C. § 504(b)-(c); 9th Circuit Model Jury Instructions Nos. 17.23-25.

In *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 763 (9th Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007), the court rejected the plaintiff's contention that the use of terms indicating illegal activity (i.e., "illegal.net" and "stolencelebritypics.com") were "red flags" of apparent infringing activity.  Instead, the court stated that:

> "When a website traffics in pictures that are titillating by nature, describing photographs as "illegal" or "stolen" may be an attempt to increase their salacious appeal, rather than an admission that the photographs are actually illegal or stolen. We do not place the burden of determining whether photographs are actually illegal on a service provider."

In *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F.Supp.2d 1132, 1149 (N.D. Cal. 2008), the court approved the above conclusion.

In *Io Group*, at 1148-1149, the court also rejected the plaintiff's contention that "red flags" existed because the infringing clips did not contain the labels required by 18 U.S.C. § 2257(f)(4).  The court so held because even if Veoh was aware of § 2257, the omission of the requisite labels (while perhaps raising an issue as to whether Veoh was aware that federal labeling laws might have been violated) did not raise any issue as to whether Veoh had the required level of knowledge or awareness that the plaintiff's copyrights were being infringed.

In *Io Group*, at 1149, the court also rejected the plaintiff's contention that "red flags" existed because of the sexually explicit nature of the clips themselves.

All of the above holdings support Defendants' contention in this

*DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2*

1  motion that evidence Defendants' purported "illegal" conduct (other than copyright

2  infringement), including, but not limited to, Defendants' display on Motherless'

3  Website of purported "obscene" materials, child pornography, rape, incest and/or

4  bestiality, is not probative of any liability or damages element of Ventura's

5  copyright infringement claim concerning Defendants' alleged infringement of the 19

6  Films.

7          Finally, Defendants anticipate that Ventura will argue that because

8  Defendants have purportedly allowed purported "obscene" content and child

9  pornography, rape, incest and/or bestiality files to be uploaded onto Motherless'

10 Website, Defendants have knowingly violated the Terms of Use of the Website.

11 However, this argument is incorrect for several reasons, including, but not limited

12 to, the fact that whether Defendants may have (occasionally, inadvertently and/or

13 unknowingly) violated the terms of use regarding the uploading of non-infringing

14 files (that have nothing to do with the 33 Clips at issue in this lawsuit) does not

15 show that Defendants fail to satisfy the requirements of the § 512(c) safe harbor.

16 Specifically, these alleged violations are not probative that:

17          •      Motherless is not a service provider as defined by §

18 512(k)(1)(B);

19          •      Motherless did not adopt and reasonably implement a policy that

20 provides for the termination in appropriate circumstances of repeat infringers [§

21 512(i)(1)(A)];

22          •      Motherless has not accommodated and has interfered with

23 standard technical measures used by copyright owners [§ 512(i)(1)(B) and (2)];

24          •      The claimed infringement of Ventura's 19 Films did not occurr

25 by reason of the storage, at the direction of users, of the 33 Clips that reside on the

26 Website [§ 512(c)(1)];

27          •      Motherless had actual knowledge of, or was aware of facts or

28 circumstances that indicated, and or was willfully blind with respect to, "specific

1    and identifiable instances of infringement" involving the 33 Clips, and Motherless,

2    upon obtaining such knowledge or awareness about the 33 Clips, did not act

3    expeditiously to delete the 33 Clips [§ 512(c)(1)(A)];

4         • Motherless had the right and ability to control the claimed

5    infringement involving the 33 Clips [§ 512(c(1)(B)];

6         • Motherless received a financial benefit directly attributable to the

7    claimed infringement involving the 33 Clips [§ 512(c)(1)(B)]; and

8         • Defendants, upon notification of claimed infringement, did not

9    respond expeditiously to delete files that are claimed to be infringing [§

10   512(c)(1)(C)].  See *Io Group*, at 1141-1155, and *CCBill*, at 758-764, 766-767; also

11   see *Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2nd Cir. 2012).

12        (c)    Similarly, this evidence is not probative of any element of Ventura's §

13   17200 claim.  This claim is solely based on whether Defendants are obligated to

14   comply with the record-keeping requirements of § 2257 and have failed to do so,

15   seeks only injunctive relief, and will not be decided by the jury.

16   **3.    THE PROBATIVE VALUE OF THIS EVIDENCE, EVEN IF**

17   **RELEVANT, IS SUBSTANTIALLY OUTWEIGHED BY THE**

18   **DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES,**

19   **MISLEADING THE JURY, AND BY CONSIDERATIONS OF UNDUE**

20   **DELAY AND WASTE OF TIME:**

21        Federal Rule of Evidence 403 provides that "Although relevant, evidence may

22   be excluded if the probative value is substantially outweighed by the danger of

23   unfair prejudice, confusion of the issues, or misleading the jury, or by considerations

24   of undue delay, waste of time, or needless presentation of cumulative evidence."

25        Under F.R.E. 403, the probative value of this evidence, even if relevant, is

26   substantially outweighed by the danger of unfair prejudice, confusion of the issues,

27   misleading the jury, and by considerations of undue delay and waste of time.  Thus,

28   this evidence should be excluded.  The only purpose of this evidence is to:

1        (a)    Unfairly make it appear that Defendants are criminals, the subject of a

2   pending criminal investigation, and soon to be convicted felons;

3        (b)    Improperly sway the jury that Defendants have infringed Ventura's 19

4   Films because of their purported unsavory background and character; and

5        (c)    Unfairly and improperly punish Defendants (by holding them liable)

6   for copyright infringement for purported conduct that has nothing to do with

7   infringement.

8   **4.    CONCLUSION:**

9        By reason of the foregoing, Defendants request that this Court order that

10   Ventura not introduce before the jury at the trial any evidence concerning:

11        1.    Defendants' purported "illegal" conduct (other than copyright

12   infringement), including, but not limited to, Defendants' display on Motherless'

13   Website of purported "obscene" materials, child pornography, rape, incest and/or

14   bestiality.

15

16   Dated: October 1, 2012        THEODORA ORINGHER PC

17

18                       By: /s/ David S. Richman

19                           David S. Richman
                        Attorneys for Defendants Motherless, Inc. and

20                           Joshua Lange

21

22

23

24

25

26

27

28

# DECLARATION OF JOSH LANGE

I, Josh Lange, declare as follows:

1.      I am an individual defendant in this lawsuit.  In addition, I am the sole shareholder, officer and employee of Defendant Motherless, Inc. ("Motherless"), a corporation organized under the laws of New York in about November 2008.  By virtue of my positions in this lawsuit, I am personally familiar with the facts set forth in this declaration.  If called as a witness, I would competently testify as to these facts.

2.      This declaration is submitted in support of Defendants' motion in limine #2.

3.      Motherless and I have not been arrested, charged or indicted for violation of any criminal statute, including, but not limited to, any obscenity statute, any child pornography statute, and/or 18 U.S.C. § 2257.

I declare under penalty of perjury and the laws of the United States and California that the foregoing is true and correct.

Executed on October 1, 2012, at Brooklyn, New York.

By: _____

Josh Lange

*DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2*

## **PROOF OF SERVICE**

I certify that on the 1st day of October, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel who have provided email addresses.

Joan Warden

*DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2*