David S. Richman, Esq. (Cal. Bar. No. 94325)
drichman@tocounsel.com
Theodora Oringher PC
10880 Wilshire Boulevard, Suite 1700
Los Angeles, CA 90024-4101
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Defendants
Motherless, Inc. and Joshua Lange

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA CONTENT, LTD., an Anguilla corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MOTHERLESS, INC., a New York corporation; JOSHUA "JOSH" LANGE, an individual; and V<br><br>Defendants. | Case No. CV11-05912 SVW (FMOx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #3; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSH LANGE IN SUPPORT THEREOF**<br><br>Date: 10/29/12<br>Time: 3:00 p.m.<br>Ctrm.: 6 |

PLEASE TAKE NOTICE that on October 29, 2012, at 3:00 p.m., before Judge Stephen V. Wilson in Courtroom 6 of this Court, located at 312 North Spring Street, 2nd Floor, Los Angeles, California 90012, Defendants Motherless, Inc. ("Motherless") and Joshua Lange ("Lange"), (collectively "Defendants"), will move this Court to order that Plaintiff Ventura Content, Ltd. ("Ventura"), not introduce at the trial before the jury any exhibits, testimony and/or argument ("evidence") concerning:

1.  The fact of, and any other aspect of, the inquiry directed to Defendants by the Attorney General of the State of New York ("Attorney General") in 2012 regarding Motherless' website.

## Grounds For Motion

This motion is made on the grounds that:

1. Under Federal Rules of Evidence ("F.R.E.") 401 and 402, this evidence is not relevant to any issues in this lawsuit and is not admissible:

   (a) Defendants have not been arrested, charged or indicted for violation of any criminal statute, including, but not limited to, any obscenity statute, any child pornography statute, and/or 18 U.S.C. § 2257. In mid 2012, the Attorney General asked Lange to voluntarily appear for an interview about the operation of Motherless' website. Lange voluntarily appeared for one interview, without a subpoena. The Attorney General did not file any criminal or civil action, or take any other formal action, against Defendants before, during or after the interview. Defendants were assured that they were not the subject of any action or investigation. Motherless.com is still in operation as of today. The Attorney General did not initiate the inquiry until long after Ventura filed this lawsuit; is unrelated to this lawsuit; and was not initiated by Ventura. The inquiry does not concern any issues of copyright infringement.

   (b) The fact of, and any other aspect of, the inquiry directed to Defendants by the Attorney General in 2012 regarding Motherless' website, are not probative of any liability or damages element of Ventura's copyright infringement claim concerning Defendants' alleged infringement of the 19 films identified in the Complaint (the "19 Films").

   (c) Similarly, this evidence is not probative of any element of Ventura's California Business & Professions Code § 17200 claim. This claim is solely based on whether Defendants are obligated to comply with the record-keeping requirements of 18 U.S.C. § 2257 and have failed to do so, seeks only injunctive relief, and will not be decided by the jury.

   (d) Ventura does not have any competent witnesses and admissible exhibits which Ventura can use to introduce this evidence.

2. Under F.R.E. 403, the probative value of this evidence, even if relevant, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay and waste of time. Thus, this evidence should be excluded. The only purpose of this evidence is to:

    (a) Unfairly make it appear that Defendants are criminals, the subject of a pending criminal investigation, and soon to be convicted felons;

    (b) Improperly sway the jury that Defendants have infringed Ventura's 19 Films because of their purported unsavory background and character; and

    (c) Unfairly and improperly punish Defendants (by holding them liable) for copyright infringement for purported conduct that has nothing to do with infringement.

## Conference Of Counsel

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 25, 2012.

## Support For Motion

This motion is based on this notice, the attached memorandum of points and authorities and declaration of Josh Lange, all papers on file in this action, and all matters that may be raised at the hearing on this motion.

Dated: October 1, 2012    THEODORA ORINGHER PC

By: /s/ David S. Richman
    David S. Richman
    Attorneys for Defendants Motherless, Inc. and Joshua Lange

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION: ..................................................................................................4
2. THIS EVIDENCE IS NOT RELEVANT TO ANY ISSUES IN THIS LAWSUIT: ...............................................................................................................5
3. THE PROBATIVE VALUE OF THIS EVIDENCE, EVEN IF RELEVANT, IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, MISLEADING THE JURY, AND BY CONSIDERATIONS OF UNDUE DELAY AND WASTE OF TIME: .................................................7
4. CONCLUSION: ......................................................................................................8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
   334 U.S. 228 (1952) .................................................................................. 7

*Io Group, Inc. v. Veoh Networks, Inc.*,
   586 F.Supp.2d 1132 (N.D. Cal. 2008) ...................................................... 5

*Perfect 10, Inc. v. CCBill LLC*,
   481 F.3d 751 (9th Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007) .......... 5

**STATUTES**

17 U.S.C. § 504(b) ............................................................................................ 6

17 U.S.C. § 504(c) ............................................................................................ 6

17 U.S.C. § 512 ................................................................................................ 5

18 U.S.C. § 2257 ........................................................................................... 6, 7

28 U.S.C. § 2257 .............................................................................................. 5

California Business & Professions Code § 17200 ....................................... 5, 7

Federal Rules of Evidence 401 ........................................................................ 5

Federal Rules of Evidence 402 ........................................................................ 6

Federal Rules of Evidence 403 ........................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION:

Plaintiff Ventura Content Ltd. ("Ventura") is the producer of sexually explicit films. Between May 2006 and March 2010, Ventura produced and obtained copyright registrations for the 19 films identified in the Complaint (the "19 Films").

Since late 2008, Defendant Motherless, Inc. ("Motherless"), has owned and operated the Motherless.com website ("Website"). Motherless is a service provider of internet hosting services. The Website stores sexually explicit and other images and clips ("files") selected, uploaded, and viewed by users. Defendant Joshua Lange ("Lange") has always been the sole shareholder, officer and employee of Motherless.

Between December 2009 and July 2011, eight members of Motherless uploaded 33 clips (the "33 Clips"). Each clip was a partial copy of one of the 19 Films.

In July 2011, Ventura filed the Complaint against Motherless and Lange ("Defendants"), alleging claims for copyright infringement and violation of California Business & Professions Code § 17200.

On November 23, 2011, after Defendants' repeated requests, Ventura provided the URLs for the 33 Clips (so that Motherless could locate them among the 12,000,000+ active files on the Website), and Motherless deleted them from the Website that same day. Ventura never sent a "DMCA take-down notice" to Defendants.

Defendants do not encourage or approve of copyright infringement. Since starting in 2008, Defendants have not been sued for copyright infringement but for this lawsuit.

The first claim for copyright infringement alleges that Defendants are liable for direct and secondary copyright infringement for the unauthorized copying of Ventura's 19 Films. Ventura seeks either actual damages suffered as a result of, and

Defendants' profits attributable to, the infringement, or statutory damages (which must be elected in lieu of actual damages and attributable profits), and an injunction restraining Defendants from infringing the 19 Films and impounding the 33 Clips. This federal claim will be decided by a jury. The key issue relating to this claim is whether Defendants are protected by the § 512(c) safe harbor found in 17 U.S.C. § 512. This safe harbor protects Defendants (even though liable) from all affirmative claims for monetary relief (including damages, costs, and attorneys' fees), whether based on direct or secondary copyright infringement; and limits Ventura's remedies to limited injunctive relief. *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 758 (9th Cir. 2007), amended 488 F.3d 1102 (9th Cir. 2007); *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F.Supp.2d 1132, 1154 (N.D. Cal. 2008).

The second claim for violation of California Business & Professions Code § 17200 ("§ 17200") alleges that (1) 28 U.S.C. § 2257 ("§ 2257") requires that a "secondary producer" of sexually explicit works maintain specified records on its business premises for all performers portrayed in the works; (2) Defendants are "secondary producers" of the sexually explicit files uploaded by users; and (3) Defendants do not comply with § 2257, in violation of § 17200. Ventura seeks an injunction restraining Defendants from offering files not in compliance with § 2257 and requiring Defendants to delete all non-compliant files from their servers.

Defendants hereby move this Court to order that Ventura not introduce at the trial before the jury any exhibits, testimony and/or argument ("evidence") concerning:

1. The fact of, and any other aspect of, the inquiry directed to Defendants by the Attorney General of the State of New York ("Attorney General") in 2012 regarding Motherless' website.

2. **THIS EVIDENCE IS NOT RELEVANT TO ANY ISSUES IN THIS LAWSUIT:**

Federal Rules of Evidence ("F.R.E.") 401 provides that "'Relevant evidence'

means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

F.R.E. 402 provides that "All relevant evidence is generally admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other statutory authority. Evidence which is not relevant is not admissible."

Under F.R.E. 401 and 402, this evidence is not relevant to any issues in this lawsuit and is not admissible:

(a) Defendants have not been arrested, charged or indicted for violation of any criminal statute, including, but not limited to, any obscenity statute, any child pornography statute, and/or 18 U.S.C. § 2257. The Attorney General did not file any criminal or civil action, or take any other formal action, against Motherless.com, which is still in operation as of today. The inquiry did not take place until mid 2012, long after Ventura filed this lawsuit; is unrelated to this lawsuit; and was not initiated by Ventura. The inquiry does not concern any issues of copyright infringement.

(b) The fact of, and any other aspect of, the inquiry directed to Defendants by the Attorney General in 2012 regarding Motherless' website, are not probative of any liability or damages element of Ventura's copyright infringement claim concerning Defendants' alleged infringement of the 19 Films. In particular, this evidence is not relevant to whether Defendants have infringed the 19 Films; whether Defendants are entitled to the protection of the § 512(c) safe harbor; and whether and to what extent Ventura is entitled to an award of its actual damages suffered as a result of the infringement, Defendants' profits attributable to the infringement, or statutory damages. 17 U.S.C. § 504(b)-(c); 9th Circuit Model Jury Instructions Nos. 17.23-25. For the purposes of this motion only, Defendants acknowledge the principle that since statutory damages serve compensatory and punitive purposes,

"Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 334 U.S. 228, 233 (1952). However, this principle does not mean that in this lawsuit, statutory damages can be used to punish Defendants for, and to compensate Ventura for, the infringing conduct of other non-parties, so as to discourage Defendants from infringing in the future.

(c) Similarly, this evidence is not probative of any element of Ventura's § 17200 claim. This claim is solely based on whether Defendants are obligated to comply with the record-keeping requirements of § 2257 and have failed to do so, seeks only injunctive relief, and will not be decided by the jury.

(d) Finally, Ventura does not have any competent witnesses and admissible exhibits which Ventura can use to introduce this evidence. See Ventura's witness list and the parties' joint exhibit list.

### 3. THE PROBATIVE VALUE OF THIS EVIDENCE, EVEN IF RELEVANT, IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, MISLEADING THE JURY, AND BY CONSIDERATIONS OF UNDUE DELAY AND WASTE OF TIME:

Federal Rule of Evidence 403 provides that "Although relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Under F.R.E. 403, the probative value of this evidence, even if relevant, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay and waste of time. Thus, this evidence should be excluded. The only purpose of this evidence is to:

(a) Unfairly make it appear that Defendants are criminals, the subject of a

pending criminal investigation, and soon to be convicted felons;

    (b)    Improperly sway the jury that Defendants have infringed Ventura's 19 Films because of their purported unsavory background and character; and

    (c)    Unfairly and improperly punish Defendants (by holding them liable) for copyright infringement for purported conduct that has nothing to do with infringement.

**4.    CONCLUSION:**

By reason of the foregoing, Defendants request that this Court order that Ventura not introduce at the trial before the jury any evidence concerning:

    (a)    The fact of, and any other aspect of, the inquiry directed to Defendants by the Attorney General in 2012 regarding Motherless' website.

Dated: October 1, 2012    THEODORA ORINGHER PC

By: /s/ David S. Richman
David S. Richman
Attorneys for Defendants Motherless, Inc. and Joshua Lange

## DECLARATION OF JOSH LANGE

I, Josh Lange, declare as follows:

1. I am an individual defendant in this lawsuit. In addition, I am the sole shareholder, officer and employee of Defendant Motherless, Inc., a corporation organized under the laws of New York in about November 2008. By virtue of my positions in this lawsuit, I am personally familiar with the facts set forth in this declaration. If called as a witness, I would competently testify as to these facts.

2. This declaration is submitted in support of Defendants' motion in limine #3.

3. Motherless and/or I have not been arrested, charged or indicted for violation of any criminal statute, including, but not limited to, any obscenity statute, any child pornography statute, and/or 18 U.S.C. § 2257.

4. In mid 2012, the Attorney General of the State of New York ("Attorney General") asked me to voluntarily appear for an interview about the operation of Motherless' website. I voluntarily appeared for one interview, without a subpoena.

5. The Attorney General did not file any criminal or civil action, or take any other formal action, against Motherless.com before, during or after the interview. I was assured that Defendants were not the subject of any action or investigation.

6. Motherless.com is still in operation as of today.

7. The Attorney General did not initiate the inquiry until long after Ventura filed this lawsuit; is unrelated to this lawsuit; and was not initiated by Ventura.

/ / /

8. The inquiry does not concern any issues of copyright infringement.

I declare under penalty of perjury and the laws of the United States and California that the foregoing is true and correct.

Executed on October 1, 2012, at Brooklyn, New York.

By: *(signature)*

Josh Lange

## PROOF OF SERVICE

I certify that on the 1st day of October, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel who have provided email addresses.

*[signature]*
Joan Warden